01-MD-01407-ORD

THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, | MDL DOCKET #1407 |
| This document relates to all actions identified in Exhibit A. | FINAL MDL PRETRIAL ORDER |

## FINAL MDL PRETRIAL ORDER

This Final MDL Pretrial Order describes the events that have taken place in MDL 1407 and those items that require further action by the transferor court. A copy of this Final MDL Pretrial Order, along with the case file and materials, will be provided to the transferor court.

### I. INTRODUCTION

On August 28, 2001, the Judicial Panel for Multidistrict Litigation ("JPML") designated this Court as the transferee court for all individual, consumer class action and other federal cases arising out of the sale or use of over-the-counter cough/cold and appetite suppressant products containing phenylpropanolamine ("PPA") for pre-trial consolidation and coordination. *In re: Phenylpropanolamine ("PPA") Products Liability Litigation*, MDL No. 1407.

FINAL MDL PRETRIAL ORDER - 1

Case No. 01-CV-1407
019186.0033/1099168.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

1  The proceedings in this MDL 1407 began in earnest with the Order re: Initial
2  Conference dated November 1, 2001, requiring plaintiffs and defendants to submit proposed
3  committee rosters, and scheduling the initial conference for November 16, 2001. Since then:
4  (1) generic fact discovery has been completed or substantially completed as to most MDL
5  defendants (including written discovery, document production and review, discovery
6  depositions, and requests for admissions); (2) a procedure for case-specific fact discovery in
7  each case has been implemented, and discovery has been underway since 2002; (3) Rule 26
8  disclosures of generic experts have been made, the discovery depositions of those experts
9  have been completed, and a process to permit the adoption of those experts' opinions in other
10 cases transferred or being transferred to this MDL has been adopted; (4) trial preservation
11 depositions of several of plaintiffs' and defendants' generic experts are underway or have
12 been taken; and (5) the Court has resolved *Daubert* motions challenging plaintiffs' expert
13 opinions solely as to general causation.

14  Given the foregoing, the Court is satisfied that this MDL has sufficiently matured and
15 the Court has issued a Suggestion of Remand for the cases listed on Exhibit A to facilitate
16 their remand by the JPML to their transferor courts for further case-specific proceedings,
17 including designation and discovery of case-specific experts, independent medical
18 examinations, pre-trial motion practice and final disposition. Below is a more detailed
19 overview of the proceedings in MDL 1407 to date.

20                    II. **ADMINISTRATION OF CASES**

21 A.   **Lead and Liaison Counsel.**

22  By order entered on November 20, 2001, this Court appointed and assigned certain
23 responsibilities to Lead and Liaison Counsel for Plaintiffs and Defendants. (Order
24 Appointing Lead and Liaison Counsel (signed Nov. 19, 2001, entered Nov. 20, 2001). The
25 responsibilities of each are delineated in Memorandum in Support of Proposed Language

26

**FINAL MDL PRETRIAL ORDER - 2**

Case No. 01-CV-1407
019186.0033/1099168.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

Ordered by the Court in its November 1, 2001, "Order re: Initial Conference" (Nov. 14, 2001) (hereinafter, "Memo Nov. 14, 2001")).

B. **Committees.**

The Court approved and appointed members to various committees designed to manage and advance the litigation, including the Plaintiff's Steering Committee ("PSC"). (Order Appointing Members to Plaintiffs' and Joint Committees (Jan. 17, 2002) (hereafter "Order Jan. 17, 2002")). As part of its duties and responsibilities, the PSC assists all plaintiffs in MDL 1407 by overseeing discovery (including conducting extensive discovery of each defendant), by communicating with plaintiff lawyers, by appearing before this Court, by attending status conferences and by preparing motions and responses regarding case-wide discovery matters. The PSC acts on behalf of or in consultation with Plaintiffs' Lead Counsel in the management of the litigation. (Order Jan. 17, 2002; Plaintiffs' Lead Counsels' Status Report No. 1 (Nov. 30, 2001); Memo Nov. 14, 2001).

C. **Common Benefit Fund.**

In order to provide for costs and attorneys' fees that the PSC (and its appointed subcommittees) may be entitled to receive for providing case-wide services over the last several years, the court provided for sequestration of four (4%) percent of all payments made by defendants in settlements or in satisfaction of judgments of cases transferred to MDL 1407, to be placed in escrow into the common benefit fund (a/k/a MDL 1407 Fee and Cost Trust Account). Similarly, in those state court cases where plaintiffs have agreed to coordinate with and use the MDL 1407 work product, the court provided for sequestration of three (3%) percent of all such payments. (The 4% and 3% payments are referred to collectively herein as "MDL Assessment"). The MDL Assessments are to be deposited by defendants into the common benefit fund and the total dollar amounts of these assessments are confidential. The common benefit fund will provide payment to PSC members and other common benefit attorneys for the PSC's work product to the extent that the court ultimately determines that the

**FINAL MDL PRETRIAL ORDER - 3**

Case No. 01-CV-1407
019186.0033/1099168.1

service was authorized, necessary and beneficial to plaintiffs. The MDL Assessment requirement applies to all MDL 1407 payments made by defendants to plaintiffs, regardless of whether a plaintiff's case is disposed of while on the MDL 1407 docket or following remand to the transferor court.

The Common Benefit fund is governed by Amended CMO 8 (Establishing Plaintiffs' Litigation Expense Fund to Compensate and Reimburse Attorneys for Services Performed and Expenses Incurred for Common Benefit) and CMO 16 (Establishing MDL 1407 Fee and Cost Trust Account and Procedures). CMO 16 effectuates CMO 8 and details the procedures for: (1) assessing and depositing these fees into the account; (2) protecting the confidentiality of the information submitted to and from the Trustee; (3) insuring the accuracy of the information provided; (4) reporting by the Trustee to Liaison Counsel; and (5) resolving assessment disputes. (CMO 16).

D.   **State/Federal Coordination.**

It became evident in the beginning of MDL 1407 that the extensive parallel state and federal PPA litigation, involving many of the same defendants and the same plaintiffs' counsel in both state and federal courts, warranted particular emphasis on coordinated discovery. To this end, the parties in state and federal court have jointly succeeded in reducing costs and expenses to themselves and the court system by coordinating most generic discovery proceedings. For example, depositions of defendant representatives and employees were all cross-noticed and, with few exceptions, witnesses were deposed only once for purposes of all cases in the country. Such was also the case during expert discovery. Finally, the parties' presentation of expert testimony under *Daubert* (*see infra* Part III.C.) was coordinated with many state court judges overseeing state court coordinated proceedings. Overall, serious efforts were made by the parties and this Court to achieve meaningful coordination, which were met with considerable success.

FINAL MDL PRETRIAL ORDER - 4

Case No. 01-CV-1407
019186.0033/1099168.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

E.  **Denial of Class Certification**.

The Court denied class certification in eight nationwide and one Louisiana statewide personal injury actions and in seven economic injury actions. (Order granting Defendants' Motion to Strike Class Allegations and Deny Class Certification (Jan. 5, 2002); Order Extending Court's June 5, 2002 Order Denying Class Certification to Additional Cases (Feb. 24, 2003); Order Denying Plaintiffs' Motion for Class Certification Pursuant to Rule 23(B)(3) for Economic Injury Claims (Sept. 4, 2003); (Order Denying Plaintiffs' Renewed Motion for Class Certification Pursuant to Rule 23(B)(3) for Economic Injury Claims (Feb. 7, 2003); Order Denying Certification of Kentucky Economic Injury Class" (Nov. 5, 2003)).

## III. DISCOVERY

This MDL has proceeded in a relatively quick and stream-lined fashion, thanks in large measure to the cooperation of the parties. Shortly after commencing this case in the winter of 2001, the court began issuing Case Management Orders ("CMOs") to govern most case-wide issues, as well as case-specific orders. The Court entered 18 CMOs, as well as supplements to them. Some of the specific CMOs are discussed, *infra*, expanding on their specific subject matter. All CMOs are accessible at the Court's website, (www.wawd.uscourts.gov/wawd/ mdl.nsf/main/page.) The primary orders that governed the pretrial management of the discovery in this litigation are CMO Nos. 1, 2, 3, 6, 6A, and 10.

- CMO 1: established a protocol for generic fact discovery (governing, *inter alia*, written discovery, document production and depositions of defendants' corporate representatives and employees);
- CMO 2: set forth a confidentiality order;
- CMO 3: provided a document preservation order; and
- CMO 6, 6A and 10: established a protocol for case-specific fact discovery (governing, *inter alia*, written discovery (including a Fact Sheet and Medical

FINAL MDL PRETRIAL ORDER - 5

Case No. 01-CV-1407
019186.0033/1099168.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

Record Authorization, document production and depositions of plaintiffs and case-specific fact witnesses).

A. **Generic Fact Discovery.**

1. **Document Discovery.** Extensive fact discovery was conducted against defendants and was substantially completed against most defendants by mid-2003. In an effort to attain consistency and to avoid undue duplication, the parties negotiated and agreed substantially upon master sets of requests for production and interrogatories ("Master Set of Written Discovery") which are attached to CMO 1. No further general document requests or interrogatories were allowed to be propounded on defendants without leave of Court. To the extent that any defendant had previously produced documents and/or made responses to document requests or interrogatories also contained in the Master Set of Written Discovery prior to January 21, 2002, those productions and/or responses were deemed responsive to the same requests contained in the Master Set of Written Discovery. (CMO 1 Parts V.E., V.F.).

Discovery was also conducted by the parties from Yale University and the various hospitals participating in the Hemorrhagic Stroke Project, from the trade association, the Consumer Healthcare Products Association, and from the U.S. Food and Drug Administration.

The PSC created a document depository located in Minneapolis, Minnesota, where millions of documents produced by defendants were stored, reviewed and digitized for use in discovery and for purposes of creating "trial packages" for all plaintiffs who were interested and who agreed to the set-aside percentage.

2. **Depositions of Common Fact Witnesses.** The basic principles governing the taking of depositions of defendants' non case-specific (generic) fact witnesses were set forth in CMO 1. Cross-notices between state court proceedings and the MDL proceedings were encouraged. (CMO 1 Part V.G.). In the interest of efficiency and federal-state coordination,

**FINAL MDL PRETRIAL ORDER - 6**

Case No. 01-CV-1407
0191%6.0033/1099168.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

several defendants cross-noticed the depositions of company witnesses, HSP Investigators and CHPA employees in their respective state court proceedings.

B. **Case-Specific Fact Discovery.**

The basic principles governing the taking of fact discovery of plaintiffs were set forth in CMO 6 (case-specific fact discovery procedure and plan). Under CMO 6, later modified by CMO 10, cases docketed in the MDL by February 12, 2002, had case-specific discovery cut-off dates of February 28, 2003. Cases docketed after February 28, 2003, were to have case-specific discovery completed within 12 months of the docket date. (CMO 6 Part VI.). As discussed further below, however, due to numerous delays many of these case-specific discovery cut-off dates were extended.

1. **Case-Specific Fact Discovery of Plaintiffs.**

a. **Plaintiff Fact Sheets (PFSs).** Under CMO 6, plaintiffs in every case transferred to MDL 1407 were ordered to complete a plaintiff fact sheet (PFS). (CMO 6 Part II.A.). Plaintiffs were required to complete and serve on defendants' liaison counsel fact sheets. In the event of a plaintiff's failure to serve a completed PFS, defendants' liaison counsel was to send a warning letter to that plaintiff. If, within 30 days of a warning letter, the plaintiff had still failed to serve a completed PFS, defendants were able to seek appropriate relief from the Court if a meet and confer did not otherwise resolve the issue. (CMO 6 Part III.A.).

Under CMO 10, entered seven months after CMO 6, the Court ordered that no case would be considered for remand if any plaintiff had not completely complied with the discovery requirements of its prior orders, including the completion of a PFS. (CMO 10 ¶ 1). Failure to provide complete PFS responses tolled the period for completion of fact discovery, which would not run until one year after defendants' receipt of a completed PFS and its accompanying authorizations. (CMO 10 ¶ 3).

FINAL MDL PRETRIAL ORDER - 7

Case No. 01-CV-1407
019186.0033/1099168.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

b. **Other Written Discovery.** In addition to the PFS, defendants were entitled to propound ten (10) interrogatories and ten (10) requests for production (non-duplicative of any issue raised via PFS) on each plaintiff during the case-specific fact discovery time period. (CMO 6 Parts III.B.-III.C.). Plaintiffs were to serve responses to each type of request within 45 days of service of them. Upon remand, the parties may obtain updated medical records.

c. **Depositions.** Defendants were entitled to conduct ten (10) depositions of fact witnesses ("fact witnesses" include plaintiffs' treating physicians) as part of their case-specific discovery. (CMO 6 Part III.D.). Defendants were allowed to take additional depositions upon a showing of good cause. Upon remand, the parties may move the transferor court to take additional depositions including newly identified fact witnesses regarding plaintiff's current medical condition for good cause and necessity. In the event good cause and necessity is shown to update the plaintiff's deposition, shortened time limits may be imposed, depending on the circumstances.

2. **Case-Specific Fact Discovery of Defendants.** Plaintiffs were allowed to propound on defendants no more than ten (10) case-specific interrogatories and ten (10) case-specific document requests. (CMO 6 Part IV.A.-IV.B.). Plaintiffs were also allowed to conduct case-specific depositions of witnesses affiliated with defendants. (CMO 6 Part IV.C.).

C. **Expert Discovery.**

1. **Generally.** Expert discovery was divided into two main categories: generic experts (testifying regarding issues of general applicability, including general causation) and case-specific experts (testifying on behalf of a specific plaintiff). The Court ordered that only generic expert discovery would be conducted in the MDL, leaving case-specific expert discovery for completion upon remand. Under the process established by the MDL Court, experts were disclosed by certain members of the PSC and by defendants. Individual

FINAL MDL PRETRIAL ORDER - 8

Case No. 01-CV-1407
019186.0033/1099168.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

plaintiffs could then adopt the those expert disclosures or disclose their own experts. If a plaintiff adopted the experts disclosed by certain members of the PSC with respect to any issues of widespread applicability, that plaintiff may nevertheless later designate different experts to testify at trial on the same issues provided: (1) the later-designated experts rely upon the same or substantially the same evidence, opinions and/or theories relied upon by the PSC expert(s) adopted by that plaintiff; and (2) such opinions, evidence and/or theories have not been previously determined by the MDL to be scientifically unreliable or otherwise inadmissible. Similarly, a defendant may later designate expert(s) different from the generic expert(s) disclosed by defendants to testify at trial on the same issues provided that the later-designated expert(s) rely upon the same or substantially the same evidence, opinions and/or theories relied upon by defendants' previously disclosed generic expert(s). Expert-specific challenges, such as to the qualifications or specific causation opinions to the later-designated experts, are preserved. These issues are addressed more specifically in prior MDL Orders, including without limit MDL Order entered September 9, 2002.

Numerous general causation experts on behalf of both plaintiffs and defendants testified at their depositions. Discovery as to these experts was to be completed by March 10, 2003, with subsequently transferred cases subject to the provisions of CMO 9 which provides for the adoption of, or designation of experts on issues of general applicability. (Order re: Expert Discovery Schedule (Mar. 22, 2002) and CMO 9). Several general causation experts also testified at the *Daubert* hearing. A copy is attached hereto.

2. *Daubert.* On April 28 - May 1, 2003, the Court conducted hearings regarding the admissibility of plaintiffs' expert opinions as to general causation pursuant to Federal Rules of Evidence 702 and 703 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). The Court entered its findings in its Order Granting in Part and Denying in Part MDL Defendants' Motion to Preclude Plaintiffs' Expert Opinions as to General Causation Pursuant to Fed. R. Evid. 702 and 703 and *Daubert*, on June 18, 2003.

FINAL MDL PRETRIAL ORDER - 9

Case No. 01-CV-1407
019186.0033/1099168.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

3. <u>Case-Specific Expert Discovery.</u>  Upon remand of the cases back to the transferor courts, case-specific expert discovery must be conducted.  This will include scheduling of plaintiffs' and defendants' designations of case-specific experts, service of reports by the case-specific experts, depositions of case-specific experts, and motion practice relating to those experts.  Case-specific experts consist of experts rendering opinions about the medical condition of specific plaintiffs, life-care planners, economists and other case-specific experts rendering non-medical opinions.  This discovery may include independent medical examinations of plaintiffs.  In contrast to the expert discovery in the MDL relating solely to general causation, case-specific experts will opine among other things on specific causation with regard to individual plaintiffs as well as damages.

## IV. PRODUCT IDENTIFICATION ORDERS

A. <u>Identification of Defendants and Products Ingested (CMO 13).</u>

There were numerous cases pending in MDL 1407 that assert claims of individuals who allege to have ingested one or more PPA-containing products.  Certain cases and/or plaintiffs listed numerous manufacturing defendants but failed to state with specificity which products they allegedly ingested and failed to identify the manufacturers of the products that allegedly caused their injuries.  On May 2, 2003, the Court entered CMO 13, which required each plaintiff in a multi-defendant case to file and serve (within 30 days of entry of the order) an affirmation setting forth the PPA product he/she allegedly ingested and the manufacturer of that product.  Defendants could then seek dismissals under CMO 13 for the claims of any plaintiffs who failed to identify them in the PFS, if any, and in their affirmations.  (CMO 13).

Because of the potentially burdensome and unnecessary filings of numerous pages and documents, the parties submitted a proposed CMO 13A to the Court to streamline the dismissal process and minimize the amount of filings to obtain dismissals.  CMO 13A provided the defendants whose products are not identified in a plaintiff's affirmation a mechanism for getting dismissed from the claims made by that plaintiff.  (CMO 13A).

FINAL MDL PRETRIAL ORDER - 10

Case No. 01-CV-1407
019186.0033/1099168.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

B. **Severance of Multiple-Plaintiff Cases (CMO 15).**

There were numerous cases pending in MDL 1407 that joined the unrelated claims of numerous plaintiffs who allege to have taken a PPA-containing product. The plaintiffs in these multi-plaintiff cases failed to specify which products they allegedly ingested and failed to identify the manufacturers of the products that allegedly caused their injuries. On May 29, 2003, the Court entered CMO 15, which required each plaintiff in a multi-plaintiff[1] case to file and serve an individual new complaint within 30 days of entry of the order. Under CMO 15, plaintiffs' individual complaints were to provide specific allegations regarding: (1) the products allegedly ingested; (2) the dates on which the products were ingested; (3) the injury alleged; and (4) the dates of injury. (CMO 15).

CMO 15A served as an adjunct to CMO 15 to give the parties a mechanism to resolve "non-compliant" severed complaints and dismissal of original multi-plaintiff complaints. CMO 15A allowed defendants to move to dismiss with prejudice the original case as to those plaintiffs who failed to properly file an individual new complaint and as to those plaintiffs who filed an individual new complaint which did not identify a product manufactured by the moving defendant. (CMO 15A).

## V. PROCEDURES FOR REMAND

A. **Discovery to be Conducted Prior to Remand.**

The Court entered CMO 17B which details the procedures and conditions before a case will be considered "ripe for remand." (CMO 17B). The Court only considers a case ripe for remand if the discovery permitted by CMOs Nos. 1, 6, 6a, 10, 13, 13a and 15 ("and any additional orders" entered by the Court) has been completed. All other generic fact and expert discovery permitted by the Court is considered time barred. The remand process is initiated by a party's filing of a Petition for Suggestion of Remand Order; opposing parties

---

[1] "Multi-plaintiff cases" refer to cases that involve more than one plaintiff who alleges that they ingested a product containing PPA. This term does not refer to plaintiffs with derivative claims.

FINAL MDL PRETRIAL ORDER - 11

Case No. 01-CV-1407
019186.0033/1099168.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

have an opportunity to object that the case is not "ripe for remand." Magistrate Judge Theiler will resolve any such objections and thereafter issue an order listing all cases "eligible for remand." The parties are then permitted to submit memorandum on cases deemed eligible for remand concerning why a case should or should not be remanded on issues other than discovery status. The Court subsequently issues a Preliminary Order selecting cases for remand from the pool of those deemed eligible by Magistrate Theiler. This Preliminary Order triggers the mediation requirements of CMO 18A. (*See infra* Part V.D.).

**B.   Suggestion of Remand Orders.**

Following the Preliminary Order (*see supra* Part V.A.), the Court issues a Suggestion of Remand Order which is forwarded to the JPML. (CMO 17B). The Court will order the initiation of an ongoing remand program consisting of a series of consecutively numbered Suggestion of Remand Orders, in which the Court will suggest that the JPML remand designated civil actions to their respective transferor courts. The Court will also designate this order, along with any supplements and/or amendments thereto, as the Final Pretrial Order in all cases that the Court suggests for remand. (CMO 17B).

**C.   Remaining Discovery After Remand.**

Case-specific expert discovery has been deferred pending remand. The transferor court has jurisdiction over setting the case-specific expert discovery schedule, any other case-specific discovery and any other pre-trial matters not addressed by this Court. (*See supra* Part III.C.3.).

**D.   MDL Mediation Requirement.**

Within seven (7) days of a case being named on the Court's Preliminary Order regarding remand (*see supra* Part V.A.), the parties are to notify the Court whether they intend to mediate the case per CMO 18A in a submission entitled "Election Regarding Alternative Dispute Resolution." If the parties elect to mediate, the mediation is to take place within one month after the selection of the case for remand. If the parties choose not to

**FINAL MDL PRETRIAL ORDER - 12**

Case No. 01-CV-1407
019186.0033/1099168.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

mediate, they are required to conduct a meet and confer conference with Special Master Professor Francis McGovern within 21 days of the Court's Preliminary Order. (CMO 18A). This Court appointed Professor McGovern as a Special Master to assist the Court in coordinating case management matters between the MDL litigation and the matters pending in state courts. (Order Jan. 17, 2002). The mediation requirements of CMO 18A do not preclude mediations after remand.

The parties have agreed upon a number of mediators from the following areas: California, Texas, Louisiana, Alabama, Mississippi, North Carolina, South Carolina, Tennessee, Northeast, Midwest and Northwest. Nothing in CMO 18A prevents the parties from agreeing to mediate any additional cases or groups of cases. (CMO 18A).

## VI. SUMMARY OF ACTIVITIES UPON REMAND

The following activities remain to be completed upon remand of the cases listed on Exhibit A and include but are not limited to:

- Case-specific expert designation and discovery;
- Independent medical examinations;
- Obtain updated medical records and, upon a showing of good cause and necessity, updating the plaintiff's deposition, and/or deposing additional or newly identified fact witnesses. In the event good cause and necessity is shown to update the plaintiff's deposition, shortened time limits may be imposed, depending on the circumstances;
- Pending case-specific motions;
- Pre-trial motion practice, including specific causation motions; and,
- Final disposition.

## VII. DOCUMENTS TO BE SENT TO TRANSFEROR COURT

The clerk of the transferee court will forward to the transferor court (electronically where feasible) a copy of: (1) this Pretrial Order and attachments; (2) the docket sheet for the

**FINAL MDL PRETRIAL ORDER - 13**

Case No. 01-CV-1407
019186.0033/1099168.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

particular case being remanded and all documents identified on that docket sheet; and (3) the docket sheet for MDL 1407. The docket sheet for each particular case being remanded will be deemed to include and incorporate all matters on the MDL 1407 docket sheet that refer or pertain to "all cases" or that otherwise refer or pertain to the particular case being remanded.

In the event a party believes that the docket sheet for a particular case being remanded is not correct or complete for any reason, a party to that case may, with notice to all other parties to the action, file with the transferor court a Designation Amending the Record. Upon receiving that designation, the transferor court will make any needed changes to the docket. If the docket is revised to include additional documents, the parties should provide those documents to the transferor court.

## VIII. CONCLUSION

This MDL Pretrial Order does not expand or modify any prior order of the Court. The Plaintiffs' Steering Committee and defendants have agreed that, upon receipt from the Judicial Panel of a final remand order for a particular case, this Pretrial Order is to be provided to the appropriate transferor court without the necessity of a motion by any party to that case.

DATED at Seattle, Washington this 19th day of May, 2004.

*/s/ Barbara J. Rothstein*
HON. BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT JUDGE

FINAL MDL PRETRIAL ORDER - 14

Case No. 01-CV-1407
019186.0033/1099168.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge John F. Keenan
United States District Court
Southern District of New York

Judge Bruce M. Selya
United States Court of Appeals
First Circuit

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

**DIRECT REPLY TO:**

Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax: [202] 502-2888

http://www.jpml.uscourts.gov

May 13, 2004

Bruce Rifkin, Clerk
215 William Kenzo Nakamura
U.S Courthouse
1010 Fifth Avenue
Seattle, WA 98104-1130

MAIL

MAY 17 2004

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

Re: MDL-1407 -- In re Phenylpropanolamine (PPA) Products Liability Litigation

(See Attached Schedule of Actions)

Dear Mr. Rifkin:

I am enclosing a certified copy and additional copies of a conditional remand order filed on April 27, 2004. The order was entered pursuant to 28 U.S.C. § 1407(a) which provides that "[E]ach action so transferred by the Panel shall be remanded by the Panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred...."

Please note that transmittal of the order was stayed fifteen (15) days to give any party opposing remand an opportunity to file such opposition. The fifteen-day period has now elapsed, no opposition has been received, and the order is being sent to you for filing.

Pursuant to Rule 7.6(g) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 438 (2001), parties are to furnish you with a stipulation or designation of the contents of the record to be remanded and all necessary copies of any pleading or other matter filed to enable you to comply with the remand order.

Very truly,

Michael J. Beck
Clerk of the Panel

By _____
     Deputy Clerk

Enclosures

cc:  Transferee Judge:      Judge Barbara Jacobs Rothstein
     Transferor Clerks:     David J. Maland, James R. Manspeaker, Jeffrey A. Apperson, Karen S. Mitchell,
                            Kenneth J. Murphy, Kevin F. Rowe, Lance S. Wilson, Laura A. Briggs,
                            Lawrence Talamo, Leslie G. Whitmer, Markus B. Zimmer, Michael N. Milby,
                            Richard H. Weare, Richard Sletten, Robert H. Shemwell, Tony Anastas

JPML Form 41

# EXHIBIT A

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 27 2004

FILED
CLERK'S OFFICE

## DOCKET NO. 1407

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION

### (SEE ATTACHED SCHEDULE)

### CONDITIONAL REMAND ORDER

The transferee court in this litigation has advised the Panel that coordinated or consolidated pretrial proceedings in the actions listed on the attached schedule assigned to it have been completed and that remand of the actions to the transferor courts, as provided in 28 U.S.C. §1407(a), is appropriate.

IT IS THEREFORE ORDERED that the actions on the attached schedule be remanded to their respective transferor courts.

IT IS ALSO ORDERED that pursuant to Rule 7.6 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 436-38 (2001), the transmittal of this order to the transferee clerk for filing shall be stayed fifteen days from the date of this order and if any party files a Notice of Opposition with the Clerk of the Panel within this fifteen-day period, the stay will be continued until further order of the Panel. This order does not become effective until it is filed in the office of the Clerk for the United States District Court for the Western District of Washington.

IT IS FURTHER ORDERED that, pursuant to Rule 7.6(g), R.P.J.P.M.L., and coinciding with the effective date of this order, the parties shall furnish the Clerk for the Western District of Washington with a stipulation or designation of the contents of the record to be remanded and furnish said Clerk all necessary copies of any pleadings or other matter filed so as to enable said Clerk to comply with the order of remand.

FOR THE PANEL:

Michael J. Beck
Clerk of the Panel

Inasmuch as no objection is
pending at this time, the
stay is lifted.

MAY 13 2004

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

## SCHEDULE FOR CONDITIONAL REMAND ORDER
## DOCKET NO. 1407
## IN RE PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION

| --- TRANSFEREE --- | | | --- TRANSFEROR --- | | | |
|---|---|---|---|---|---|---|
| **DIST.** | **DIV.** | **C.A.NO.** | **DIST.** | **DIV.** | **C.A.NO.** | **CASE CAPTION** |
| WAW | 2 | 02-420 | AZ | 2 | 01-156 | *Melissa Ann Kobar, etc. v. Novartis Corp., et al.* |
| WAW | 2 | 03-1390 | CAN | 3 | 01-4181 | *Sandra Mustoe v. Bayer Corp.* |
| WAW | 2 | 02-904 | CO | 1 | 02-240 | *Sharon K. Roberts-Weisner, et al. v. Whitehall-Robins Healthcare, et al.* |
| WAW | 2 | 02-21 | CT | 3 | 01-2093 | *Ronald B. Lewis, et al. v. GlaxoSmithKline, PLC, et al.* |
| WAW | 2 | 02-1168 | INS | 4 | 02-47 | *Tracy Patton v. Novartis Consumer Health, Inc.* |
| WAW | 2 | 01-2137 | KYE | 2 | 01-199 | *Sharon Ann Carter v. Bayer Corp.* |
| WAW | 2 | 02-1272 | KYW | 1 | 01-182 | *Gerald Jones, et al. v. Perrigo Co., et al.* |
| WAW | 2 | 02-538 | KYW | 4 | 01-213 | *Rhonda Bailey v. Schering-Plough Healthcare Products, Inc.* |
| WAW | 2 | 02-29 | LAM | 3 | 01-1025 | *Eleanor D. Beattie, et al. v. Novartis Consumer Health, Inc., et al.* |
| WAW | 2 | 01-2164 | LAW | 3 | 01-2195 | *James Quarrels, et al. v. Bayer Corp.* |
| WAW | 2 | 01-2100 | LAW | 5 | 01-1981 | *Nathaniel Williams v. GlaxoSmithKline, et al.* |
| WAW | 2 | 01-2026 | LAW | 5 | 01-2018 | *Londell Bell, Jr. v. Bayer Corp., et al.* |
| WAW | 2 | 01-2166 | LAW | 5 | 01-2217 | *Perry Robinson, et al. v. Bayer Corp., et al.* |
| WAW | 2 | 01-2167 | LAW | 5 | 01-2219 | *Lurline McKinney, et al. v. Bayer Corp., et al.* |
| WAW | 2 | 02-1020 | LAW | 5 | 02-363 | *Stephanie Lambert, et al. v. Bayer Corp.* |
| WAW | 2 | 01-2172 | LAW | 6 | 01-2196 | *Dennis Romero, et al. v. Bayer Corp.* |
| WAW | 2 | 01-1405 | MA | 1 | 01-10324 | *Alexander P. Ziolkowski, etc. v. Novartis Consumer Health, Inc., et al.* |
| WAW | 2 | 01-1406 | MA | 1 | 01-10325 | *Stacey Kerrigan, et al. v. Whitehall-Robins, et al.* |
| WAW | 2 | 02-1863 | MN | 0 | 02-1268 | *Daniel S. Goettsch v. SmithKline Beecham Consumer Healthcare, et al.* |
| WAW | 2 | 03-2093 | MSS | 4 | 01-169 | *Barbara A. Lupo v. Bayer Corp., et al.* |
| WAW | 2 | 02-278 | NV | 2 | 01-1345 | *Charles Newman, et al. v. American Home Products Corp., et al.* |
| WAW | 2 | 01-1634 | OHS | 1 | 01-164 | *Pamela S. Silvey, et al. v. SmithKline Beecham Corp.* |
| WAW | 2 | 02-364 | OHS | 1 | 01-755 | *Lynne M. Nill, et al. v. Perrigo Sales Corp.* |
| WAW | 2 | 01-2182 | OHS | 3 | 01-447 | *John Turwiler, et al. v. Novartis Pharmaceuticals Corp.* |
| WAW | 2 | 01-2227 | TXE | 4 | 01-338 | *Nina W. Hastings, et al. v. Novartis AG, et al.* |
| WAW | 2 | 01-1656 | TXN | 5 | 01-166 | *Bettye Lou Taylor, et al. v. Bayer Corp., et al.* |
| WAW | 2 | 02-918 | TXS | 4 | 01-3795 | *Bernadette Massey, et al. v. Sandoz Pharmaceutical Corp., et al.* |
| WAW | 2 | 02-373 | UT | 2 | 01-985 | *Lynette Fisk, et al. v. Novartis AG, et al.* |